**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL ROBINSON** | : | |
| **1508 68th Avenue** | : | |
| **Philadelphia, PA 19126** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **Complaint and Jury Demand** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **7801 Essington Avenue** | : | |
| **Philadelphia, PA 19153** | : | |
| | : | |
| **1400 John F. Kennedy Boulevard** | : | |
| **Philadelphia, PA 19107** | : | |
| **Defendant.** | : | |
| | : | |

**COMPLAINT**

Plaintiff, Michael Robinson, through his counsel, Koller Law LLC, brings this civil matter against Defendant, City of Philadelphia, for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff is Michael Robinson (hereinafter "Plaintiff"), an adult individual who is domiciled in the Commonwealth of Pennsylvania at 1508 68th Avenue, Philadelphia, PA 19126.

2. Defendant, City of Philadelphia, (hereinafter "Defendant") is a county government and the Department of Public Health is a Department of Defendant which is responsible for air

management with a location at 7801 Essington Avenue, Philadelphia, PA 19104 and with a headquarters located at 1400 John F. Kennedy Boulevard, Philadelphia, PA 19153.

3. Defendant is a covered employer within the meaning of the FMLA because it is a public agency; public agencies are considered covered employers within the meaning of the FMLA without regard to the number of employees employed. *See* 29 C.F.R. §825.104.

4. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

## JURISDICTION AND VENUE

5. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

7. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. In November 2016, Defendant hired Plaintiff in the position of Air Pollution Control Inspector I.

10. Plaintiff was well qualified for his position and performed well.

11. In or around 2018, Defendant promoted Plaintiff to Air Control Inspector II.

2

12. Plaintiff was well qualified for his position and performed well.

13. In or around October 2020, Defendant promoted Plaintiff to the position of Air Pollution Control Inspector Supervisor.

14. Plaintiff was well qualified for his position and performed well.

15. In or around December 2023, Plaintiff assumed the duties of Acting Program Manager.

16. Plaintiff was well qualified for his position and performed well.

17. From on or about April 12, 2024 to on or about April 19, 2024, Plaintiff was assigned to work standby and worked significant overtime as he conducted multiple investigations.

18. Plaintiff worked 110.5 hours for that week.

19. On or about April 16, 2024, Plaintiff notified Bajram Nela, Air Management Engineering Supervisor, and Human Resources that he was going to utilize Family and Medical Leave Act ("FMLA") leave from on or about April 26, 2024 to on or about July 18, 2024.

20. Later that day, Nela responded to Plaintiff that he could not be approved for his hours because he was going out on FMLA leave.

21. Plaintiff complained to Nela that he was giving notice of his upcoming FMLA leave and that he had not utilized his FMLA leave yet.

22. Plaintiff proceeded to complain to Kim Athanasidis, Union Representative, about Nela refusing to approve his overtime hours due to his upcoming FMLA leave.

23. Athanasidis informed Plaintiff that Nela could not do that, but Plaintiff's overtime hours were not approved.

24. Later that day on or about April 16, 2024, Plaintiff submitted his FMLA paperwork due to his Generalized Anxiety Disorder and Major Depressive Disorder.

3

25. Generalized Anxiety Disorder and Major Depressive Disorder are considered serious health conditions under the FMLA.

26. Dr. Michael Goldfinger and Glenn Shrum, LPC, completed the Healthcare Provider Certification as part of Plaintiff's FMLA request.

27. On or about April 26, 2024, Plaintiff commenced his FMLA leave.

28. On or about July 17, 2024, Dr. Goldfinger cleared Plaintiff to return to work on or about July 18, 2024, at full duty.

29. On or about July 18, 2024, Plaintiff returned to work at Defendant.

30. However, upon his return, Defendant removed his three (3) Inspectors, which left him with no subordinates to manage, his time approval authority and other responsibilities.

31. Plaintiff requested to have these responsibilities reinstated, but Defendant refused to do so.

32. On or about August 8, 2024, Nela issued Plaintiff a write up with a 30-day suspension with intent to dismiss for allegedly falsifying his time sheets from April 12, 2024, to April 19, 2024.

33. On or about September 4, 2024, Plaintiff attended a hearing regarding the write up.

34. Plaintiff showed that he followed Defendant's Standard Operating Procedures regarding his investigations for that week, that the investigations were on the approved list and provided video evidence of three (3) out of the four (4) investigations he conducted during the hearing.

35. Approximately one (1) week later, to Plaintiff's surprise, the hearing panel recommended a 25-day suspension.

36. Defendant proceeded to overturn the panel's decision and submitted a decision for a 30-day suspension with intent to dismiss.

4

37. Plaintiff immediately filed an appeal regarding this decision.

38. Shortly afterwards, Plaintiff attended a second hearing regarding the proposed disciplinary action.

39. Plaintiff continued to report to work at Defendant during this time while his appeal was processing.

40. On or about September 23, 2024, Defendant locked Plaintiff out of the system.

41. On or about September 25, 2024, left with no other real choice, Plaintiff submitted his resignation to be effective November 2, 2024, to Kassahun Sellassie, Director, Air Management Services.

42. Sellassie responded that he would not accept his resignation unless he resigned effective immediately.

43. On or about September 26, 2024, Dr. Palak Raval-Nelson, Deputy Commissioner, issued Plaintiff a 25-day suspension without pay from or about September 27, 2024 to or about October 21, 2024.

44. On or about October 11, 2024, Nela informed Plaintiff that his initial resignation had been approved.

45. On or about October 17, 2024, Plaintiff emailed Sellassie and Tamyra Harris, Senior Departmental Human Resources Manager, rescinding his resignation.

46. Defendant's policy states that a resignation may be rescinded without penalty up to the day prior to the effective date of resignation.

47. However, he did not receive a response.

48. On or about October 22, 2024, Plaintiff followed up with Sellassie and Harris, but again did not receive a response.

5

49. On or about November 2, 2024, Plaintiff's employment ended with Defendant.

50. Defendant terminated Plaintiff in retaliation for utilizing his rights under the FMLA leave.

51. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RETALIATION
## <ins>FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED</ins>

52. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

53. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

54. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for his own serious medical conditions.

55. Plaintiff gave Defendant sufficient information and notice to allow it to understand that he needed leave for FMLA-qualifying reasons.

56. The retaliation occurred in the form of materially adverse actions which discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

57. As a result of Plaintiff's invocation of his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by disciplining him in the form of, *inter alia*, suspension and termination.

58. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

59. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

60. As a direct and proximate result of Defendant's suspension and discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's

6

willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

61. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

62. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages as stated herein in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Robinson, requests that the Court grant him the following relief against Defendant, City of Philadelphia, Department of Public Health:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Liquidated damages;

d) Emotional pain and suffering;

7

e)  Reasonable attorneys' fees;

f)  Recoverable costs;

g)  Pre and post judgment interest;

h)  An allowance to compensate for the negative tax consequences of a lump sum award in a single tax year;

i)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

j)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

8

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: April 15, 2026

*/s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*